

83,120-01

# HUNT COUNTY
**POST OFFICE BOX 1437 – GREENVILLE, TEXAS 75403-1437**

DISTRICT CLERK
**STACEY LANDRUM**
(903) 408-4172

Clerk,
Court of Criminal Appeals
P.O. Box 12308
Capitol Station
Austin, Texas 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 28 2015

Abel Acosta, Clerk

April 21, 2015

Re: WRIT08299
Charles Killingsworth

Dear Sir:

    Please find enclosed the additional filings in the above styled and numbered cause.

Applicant's Supplement to the Original 11.07 Writ of Habaes Corpus.

Yours truly,

Stacey Landrum, District Clerk

By _____
    Dee Ann Brierton, Deputy

WRIT NO. 08299

EX PARTE

CHARLES KILLINGSWORTH

FILED
AT _____ M
APR 21 2015
CLERK, DISTRICT COURT, HUNT CO. TX

## APPLICANT'S REBUTTAL TO STATE'S ANSWER TO WRIT OF HABEAS CORPUS

Now Comes Charles Killingsworth, applicant, and pursuant to Article 11.07, files this rebuttal in response to State's Answer to Applicant's Writ of Habeas Corpus, and shows the following:

1. Applicant never waived any issues of ineffective assistance of counsel when he pleaded guilty for the first time, not the second time as represented by the state in its answer, on October 15, 2014. The state also represented in it's answer that the trial court granted applicant his motion for new trial. This also is not true. The applicant was granted New trial on punishment only. See State's Exhibit 4. The trial court did not grant the motion for new trial on punishment on September 24, 2014 but rather on November 5, 2014. See State's Exhibit 4. The dates on these forms are incorrect. The Applicant was never granted a new trial in whole. If the

SCANNED

Applicant was in fact granted a new trial he was mislead and explained that only his sentencing trial could be granted. The trial court did certify that Applicant had no right to appeal. However, the Applicant did have a right to file a pro-se petition for discretionary review, which he did file from the Hunt County Jail on November 2, 2014 which was never ruled on by the trial court. Therefore the Applicant had no other choice but to refile his writ (Petition For Discretionary Review), which he did in a timely manner. See Applicant's original Petition.

2. The Applicant never claimed he had an insanity defense based upon the evaluation by Dr. David Bell. See Applicants Writ at pages 10-11. The Applicant never once brought up Dr. David Bell. Since the State brought this issue to bare, the Applicant was diagnosed as mentally ill by a licensed psychiatrist for the state of Texas and placed on medications. See Applicant's writ at pages 8-11. The Bell evaluation the state relys upon isn't even for this case but a misdemeanor case. The Applicant was never evaluated on this criminal case, nor was the Applicant given any testing. The State's claim is unfounded

-2-

WHEREFORE, premises considered, the Applicant's Petition for Discretionary Review should be granted.

Respectfully Submitted

*Charles Killingsworth*

Charles Killingsworth

TDCJ No. 1946056

Ellis Unit

1697 FM 980

Huntsville, Tx 77343

## Certificate of Service

I hereby certify that a true copy was placed in the U.S. Mail to Keli M. Aiken, First Asst. District Attorney; Hunt County, Texas P.O. Box 441 Greenville, Texas 75403-0441 on April 14, 2015.

*Charles Killingsworth*

Charles Killingsworth

Pro Se Applicant

-5-